UNITED STATES of America,

v.

Samuel J. BRILL, Appellant.

Nos. 12790, 12791.

United States Court of Appeals
Third Circuit.

Argued May 23, 1959.

Decided Sept. 30, 1959.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Following a jury trial, defendant was found guilty and sentenced for violations of Section 145(b) [1] and Section 3793(b) (1) [2] of the Internal Revenue Code of 1939. He prosecutes these appeals from

---

1. "* * * any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony * * *." 26 U.S.C. § 145(b).

2. "Any person who willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document, shall (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document) be guilty of a felony. * * *" 26 U.S.C. § 3793(b) (1).

the Order of the District Court denying his motion for judgment of acquittal or for a new trial [3] on the grounds that the evidence is insufficient to sustain the jury's verdict and the District Court erred in certain rulings on the admission of evidence and in its instructions to the jury.

The indictment relating to the Section 145(b) violations contained three counts, one for each of the years 1950, 1951 and 1952. It charged George G. Blaisdell, treasurer of the Zippo Manufacturing Company, a Pennsylvania corporation ("Zippo") and the defendant, assistant secretary of Zippo, with willful and knowing attempt to evade income taxes owed by Zippo by filing false and fraudulent corporate tax returns. Prior to defendant's trial Blaisdell pleaded guilty.

The indictment relating to the Section 3793 violations contained six counts charging defendant with aiding and abetting the filing of false and fraudulent corporate income tax returns of Zippo and the individual tax returns of George G. and Miriam B. Blaisdell, for the years 1950, 1951 and 1952. Counts 1, 3 and 5 involved Zippo's returns; Counts 2, 4 and 6 the individual tax returns.

It is undisputed that the testimony established that Zippo's tax returns for the years involved were false and fraudulent in that they deducted as corporate expenses expenditures made for repairs to, and remodeling of, the separate homes of the Blaisdells and their two married daughters, as well as payments in reduction of the mortgage on the home of one of the daughters. It is also undisputed that Zippo's tax returns were false and fraudulent in that they charged as corporate deductions outlays made in behalf of Zira Laboratories, a corporation whose stock was owned by George G. Blaisdell, individually.

However, defendant contends that the evidence is insufficient to sustain the jury's finding that he had knowledge of,

or participated in, the fraudulent Zippo tax returns and the individual tax returns of the two Blaisdells. With respect to the latter, it is undisputed that the Blaisdells owned between 75 and 80 per cent of the stock of Zippo during the taxable years involved and that the outlay of Zippo for repairs to their homes constituted income to them which was not reported.

On the score of the defendant's knowledge and participation in the fraudulent returns of Zippo and the two Blaisdells, the Government testimony may be summarized as follows:

Defendant, a certified public accountant, was assistant secretary of Zippo and one of its directors. He was "in charge of the accounting department at Zippo Manufacturing Company"; "financial advisor to Mr. Blaisdell" and "anything concerning accounting procedures had to be cleared through Mr. Blaisdell." Zippo paid defendant an annual fee for his services; $2,400.00 in 1950 and $3,600.00 in each of the years 1951 and 1952. He did not take care of the routine bookkeeping at Zippo; he did not have an office in its plant and was rarely there but was available for consultation and advice. He prepared and caused to be filed, the Zippo corporate income tax returns and the individual tax returns of the Blaisdells.

Blaisdell, who was president of Zippo,[4] specifically testified (1) he considered the defendant to be the "controller" of Zippo; (2) his duties were "to have charge of the books of Zippo and to make our income tax returns"; (3) defendant was his "right-hand man", and (4) he consulted him with respect to his personal income tax returns.

Mrs. Shirley M. Baker, an employee in Zippo's accounting department whose duties were of a general bookkeeping nature and specifically related to accounts payable, accounts receivable, commissions payable and the writing and posting of checks, testified that she, in accordance

---

3. The District Court's opinion has not been reported.

4. In the Section 145(b) indictment George Blaisdell was described as "treasurer" of the Zippo Manufacturing Company.

with defendant's instructions, on various occasions issued and posted checks without invoices, payable to Zira Laboratories and Paul Duke, the husband of one of Blaisdell's daughters. Among the checks so issued were a number payable to Tuna Manufacturing Company and James B. Storey who were the principal contractors for the work done on the homes of the Blaisdells and their two daughters.

Francis Murphy, another employee in Zippo's accounting department, testified he had been instructed by Blaisdell that "anything pertaining to accounting procedures had to be cleared through Mr. Brill"; whenever he "met an accounting problem" he consulted the defendant; on a number of occasions he issued checks in payment of bills without supporting invoices and on one occasion he was directed by defendant to "code" an account by number in posting one of the checks given in payment.

In connection with the work done on Blaisdell's home and those of his daughters, Blaisdell testified that he had asked defendant if the remodeling work on the home of one of his daughters could be financed through Zippo as a loan to her husband, and defendant told him it could be done; later he told defendant he wanted a mortgage on the home of his other daughter and the remodeling and repairs thereto financed in the same manner, and defendant told him it would be all right; he told defendant he wanted remodeling work and interior decoration on his own home paid for by Zippo and charged to his account and defendant said it would be satisfactory.

The record discloses that payments for all these items were charged on Zippo's books to its corporate expense account and deducted as such on its tax returns. In its opinion the District Court held that there was sufficient evidence in the record to warrant a finding by the jury that the defendant had knowledge of and participated in the transactions above stated and in the preparation and filing of Zippo's fraudulent tax returns and those of the Blaisdells for the tax years involved.

Defendant in his testimony denied he was the head of the accounting department and sought to clarify his part in the preparation of Zippo's income tax returns. On the latter point, he testified that the returns were prepared upon a trial balance, various schedules and an inventory, all of which were made available to him as a result of the efforts of the full time employees of the department; he also stated that he never audited or physically examined the books of account, and though he admittedly made adjusting entries, he asserted that the necessary figures were obtained from other sources. He also denied that he was Zippo's controller and that he made or approved financial statements issued by the company.

■ It is true that defendant's testimony and his contentions here with respect to the Government's evidence attempt to set forth a theory of his conduct consistent with innocent conduct on his part. His testimony and contentions were rejected by the jury upon what, on review of the record, we find to be ample evidence that defendant had knowledge that the critical Zippo expenditures were improperly charged on its books as corporate expenses and falsely and fraudulently treated in Zippo's tax returns as permissible deductions; that on Blaisdell's individual tax returns he had fraudulently failed to report as income Zippo's expenditures in the repairs to the Blaisdell home.

■ It is fundamental that upon appeal the evidence must be viewed in the light most favorable to the Government in the light of the jury's verdict. As was said in Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680:

> " * * * The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."

The defendant's remaining contentions with respect to the District Court's ruling on the admission of evidence and its

instructions to the jury are without basis and do not merit discussion.

For the reasons stated the judgments of conviction and sentence of the District Court and its Order denying defendant's motion for judgment of acquittal or for a new trial will be affirmed.